Jatinder Bir SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76549.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 18, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. Maclachlan, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Brian Harris, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Jatinder Bir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and deny in part and grant in part the petition and remand.

Substantial evidence supports the BIA's denial of asylum. The BIA's adverse credibility finding regarding petitioner's first arrest is supported based on an inconsistency between petitioner's testimony and documentary evidence. *See id.* at 1043. The BIA's finding that petitioner was arrested a second time because he provided shelter to a member of a terrorist group who was hiding from police is also supported. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043–44 (9th Cir.2004). Accordingly, his asylum claim is denied.

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The BIA failed to address petitioner's CAT claim. Accordingly, we grant the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition with regard to his CAT claim and remand to the BIA to determine whether he is eligible for CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part AND REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.